IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL MARIE DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-625-R |
| | ) |
| STATE OF OKLAHOMA, *EX REL* THE | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY OF OKLAHOMA; | ) |
| UNIVERSITY HOSPITALS AUTHORITY | ) |
| & TRUST; UNIVERSITY OF | ) |
| OKLAHOMA HEALTH SCIENCES | ) |
| CENTER; DARRYL J. TILLER, (in his | ) |
| individual and official capacities) Director of | ) |
| Clinical Pastoral Education, University of | ) |
| Oklahoma Medical Center; and OU | ) |
| MEDICINE, INC., an Oklahoma domestic | ) |
| not-for-profit corporation, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, OU MEDICINE, INC., D/B/A OU HEALTH'S ANSWER**

In response to the allegations set forth in Plaintiff's Complaint, Defendant OU Medicine, Inc. d/b/a OU Health (hereinafter "OUMI" or "Defendant OUMI"), responds as follows:

With respect to the narrative contained in the "preamble" to Plaintiff's Complaint, Defendant OUMI admits that Plaintiff has attempted to plead the causes of action asserted therein. However, Defendant OUMI denies the remaining allegations of the "preamble" and denies that Plaintiff is entitled to any of her requested relief. Furthermore, the entirety of Plaintiff's Complaint is comprised of lengthy narratives and conjecture difficult to respond to with specificity at times. As such, out of an abundance of caution, Defendant

OUMI denies each and every allegation contained in Plaintiff's Complaint except those allegations specifically admitted hereunder[1]. As to the specifically numbered paragraphs thereafter, Defendant OUMI responds as follows:

1. Defendant OUMI admits that, upon information and belief, Plaintiff is an African-American female as set forth in paragraph 1 of the Complaint. Defendant OUMI lacks sufficient information to admit or deny the allegation regarding the state and county of Plaintiff's residency. Defendant OUMI admits that Plaintiff participated in a summer internship program at OUMI and a Residency Chaplain Program at OUMI. OUMI lacks sufficient knowledge to admit or deny what programs Plaintiff may or may not have participated in at the University of Oklahoma. All other allegations in paragraph 1 are denied.

2. Defendant OUMI denies the allegations of paragraph 2 of the Complaint to the extent they reference OUMI. All remaining allegations in that paragraph are regarding Defendant University of Oklahoma and as such, are not required to be admitted or denied by OUMI.

3. The allegations in paragraph 3 of the Complaint are solely regarding Defendant University of Oklahoma, and as such, are not required to be admitted or denied by OUMI.

---

[1] Throughout the Complaint Plaintiff also improperly seems to refer to The University of Oklahoma and OU Medicine, Inc. as one entity. They are not. This Answer is filed on behalf of Defendant OU Medicine, Inc. d/b/a OU Health only, and each response herein is on behalf of OUMI only.

4. OUMI admits, upon information and belief, that Defendant Tiller is a white male as set forth in paragraph 4 of the Complaint. OUMI lacks sufficient information to admit or deny the allegations regarding his county of residency. OUMI lacks sufficient information to admit or deny the remaining allegations in paragraph 4 regarding Defendant Tiller's status, if any, with the University of Oklahoma.

5. With respect to paragraph 5 of the Complaint, OUMI admits that Defendant Tiller used to have a contract with OUMI to provide contract services as a Clinical Pastoral Educational Supervisor.

6. With respect to the allegations in paragraph 6 of the Complaint, Defendant OUMI lacks sufficient information to admit or deny the identity or nature of any employers that Defendant Tiller may have had during the relevant time in which he was performing contract services for OUMI. Any remaining allegations of that paragraph are denied.

7. With respect to the allegations in paragraph 7 of the Complaint, OUMI admits that it is a non-governmental, not-for-profit corporation doing business in Oklahoma County. OUMI denies the remaining factual allegations in paragraph 7 and further states that any other remaining legal conclusions are not required to be admitted or denied.

8. With respect to paragraph 8 of the Complaint, OUMI admits that Plaintiff has attempted to plead the causes of action stated therein. However OUMI denies that Plaintiff is entitled to any of her requested relief.

9. With respect to paragraph 9 of the Complaint, OUMI admits that for a period of time, Plaintiff was considered an "employee" of OUMI. Any remaining allegations in paragraph 9 are legal conclusions to which OUMI is not required to admit or deny.

10. Defendant OUMI admits that this Court has jurisdiction, as set forth in paragraph 10 of the Complaint.

11. OUMI admits that venue is appropriate in this Court, as set forth in paragraph 11 of the Complaint.

12. OUMI admits, upon information and belief, the allegations in paragraph 12 of the Complaint.

13. With respect to paragraph 13 of the Complaint, OUMI admits that Plaintiff was in a summer intern program at OUMI during the summer of 2020 and that she later was admitted into a Chaplain/Pastoral Care Residency Program at OUMI. All other allegations in paragraph 13 are denied.

14. Defendant OUMI lacks any information to admit or deny the allegations in paragraph 14 of the Complaint regarding Plaintiff's personal objectives and therefore denies same.

15. Defendant OUMI lacks any information upon which to admit or deny the allegations in paragraphs 15, 16, 17, 18, 19, 20, 21 and 22 of the Complaint, as none of these allegations were raised by Plaintiff during her employment/residency with OUMI and thus OUMI had no notice or knowledge of such allegations.

16. Defendant OUMI lacks any information upon which to admit or deny the allegations in paragraph 23 of the Complaint regarding whether Plaintiff's beliefs were objectively reasonable, and therefore denies the same.

17. Defendant OUMI denies the allegations in paragraph 24 of the Complaint.

18. With respect to paragraph 25 of the Complaint, OUMI denies that Plaintiff's Chaplain/Pastoral Care Residency Program, accredited through ACPE, was conducted through the University of Oklahoma. OUMI further denies that Defendant Tiller was the Director of Clinical Pastoral Education, but admits that as a contract CPE Supervisor, he did have regular meetings with Plaintiff and others within her group. OUMI admits that Plaintiff and Defendant Tiller may have used, or had access to, an office near each periodically, but denies that this would have been the case during all of her employment.

19. With respect to paragraph 26 of the Complaint, OUMI admits that the ACPE program consisted of both a clinical and educational component. OUMI presently lacks sufficient information to admit or deny what the specific hourly requirements were for the residency program when Plaintiff was going through it.

20. OUMI admits that Plaintiff was an employee from on or about August 24, 2020, until she resigned effective May 28, 2021, and further admits that Plaintiff may have had 12-hour shifts at various points in time, as set forth in paragraph 27 of the Complaint. OUMI admits that part of the Chaplain/Pastoral Care residency would have involved working with families during tragic moments. OUMI lacks sufficient information to admit or deny the remaining allegations in paragraph 27 regarding the effects on Plaintiff.

21. With respect to paragraph 28 of the Complaint, Defendant OUMI admits that Plaintiff had both a clinical and educational component as part of her CPE program and that there were both group and individual settings involved. Defendant OUMI lacks any information upon which to admit or deny the remaining allegations in paragraph 28, as these issues were not raised with OUMI during Plaintiff's employment and OUMI had no knowledge of otherwise, and therefore denies same.

22. With respect to paragraph 29 of the Complaint, OUMI admits that there was a report of an incident between Plaintiff and Defendant Tiller that took place on or about January 11, 2021 during a group class session, the allegations of which were set forth in Plaintiff's Complaint and the HR investigation thereafter, both of which speak for themselves. Any remaining allegations in that paragraph are denied.

23. With respect to paragraph 30 of the Complaint, OUMI admits that there was a report of an incident between Plaintiff and Defendant Tiller that took place on or about January 11, 2021 during a group class session, the allegations of which were set forth in Plaintiff's Complaint and the HR investigation thereafter, both of which speak for themselves. Any remaining allegations in that paragraph are denied.

24. With respect to paragraph 31 of the Complaint, OUMI admits that there was a report of an incident between Plaintiff and Defendant Tiller that took place on or about January 11, 2021, during a group class session, the allegations of which were set forth in Plaintiff's Complaint and the HR investigation thereafter, both of which speak for themselves. Defendant OUMI lacks any information upon which to admit or deny the remaining allegations in paragraph 31 regarding Plaintiff's subjective feelings about this

incident, nor any other allegations regarding a meeting later that evening to the extent they were not raised by Plaintiff with OUMI during her employment.

25. With respect to paragraphs 32, 33, 34, 35, 36 and 37 of the Complaint, Defendant OUMI admits that some, but not all, of the allegations therein were raised by Plaintiff during the investigation (in documents that speak for themselves), but OUMI lacks sufficient information to admit or deny the detailed allegations as they have been pled by Plaintiff and therefore denies same.

26. OUMI lacks sufficient information upon which to admit or deny the allegations in paragraphs 38 and 39 of the Complaint, and therefore denies same.

27. OUMI denies the allegations in paragraphs 40 and 41 of the Complaint.

28. With respect to paragraph 42 of the Complaint, OUMI admits that Plaintiff was in her third unit out of four to complete, but lacks sufficient information to admit or deny the remaining allegations regarding conversations with Danny Cavett.

29. With respect to paragraph 43 of the Complaint, Defendant OUMI admits that Plaintiff filed a Complaint, the details of which are contained in a document that speaks for itself. Defendant OUMI denies all other allegations contained in paragraph 43.

30. OUMI lacks information upon which to admit or deny the lengthy allegations in narrative form in paragraphs 44, 45, 46, 47, 48, 49, 50 and 51 of the Complaint as they have been pled by Plaintiff, and therefore denies same.

31. With respect to paragraph 52, Defendant admits that Dr. Tiller's email speaks for itself. Defendant OUMI denies all other allegations contained in paragraph 52.

32. Defendant OUMI lacks sufficient information upon which to admit or deny the allegations in paragraph 53 of the Complaint.

33. With respect to paragraphs 54, 55 and 56 of the Complaint, Defendant OUMI lacks any information upon which to admit or deny the allegations therein regarding Plaintiff's subjective beliefs and therefore denies same.

34. With respect to paragraph 57 of the Complaint, Defendant OUMI denies that Plaintiff was prevented from completing her Third CPE Unit. Defendant OUMI lacks any information upon which to admit or deny the remaining allegations in that paragraph.

35. Defendant OUMI denies the allegations in paragraphs 58 and 59 of the Complaint.

36. With respect to the allegations in paragraphs 60, 61, 62, 62 (i-iii), and 63 of the Complaint, Defendant OUMI lack information upon which to admit or deny the allegations regarding any complaint Plaintiff filed with the Association for Clinical Pastoral Education.

37. Defendant OUMI denies the allegations in paragraph 64 of the Complaint to the extent Plaintiff is asserting such allegations against OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

38. With respect to paragraph 65 of the Complaint, Defendant OUMI lacks information upon which to admit or deny when Plaintiff first made contact with the EEOC. Defendant admits that Plaintiff has attached to her Complaint, a Charge of Discrimination

dated November 18, 2021, which Defendant OUMI did not receive notice of until this lawsuit was filed.

39. With respect to paragraph 66 of the Complaint, Defendant OUMI admits that Plaintiff has attached to her Complaint, a Notice of Right to Sue dated April 27, 2022. Defendant OUMI denies the remaining allegations in that paragraph.

40. With respect to paragraph 67 of the Complaint, Defendant OUMI admits that it gave Defendant Tiller notice of the termination of his Contracted Services Agreement on or about May 5, 2021.

41. Defendant OUMI denies the allegations in paragraphs 68, 69, 70, 71 and 72 to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

42. With respect to paragraph 73 of the Complaint, Defendant OUMI incorporates its previous responses above.

43. With respect to paragraph 74 of the Complaint, OUMI admits to receipt of federal funds. All other allegations in paragraph 74 are denied.

44. Defendant OUMI denies the allegations in paragraph 75 of the Complaint.

45. Paragraph 76 of the Complaint contains recitations of unidentified guidelines purportedly from the U.S. Department of Education Office for Civil Rights, which Defendant OUMI is not required to admit or deny.

46. Defendant OUMI denies the allegations in paragraphs 77, 78, 79, 80, 81, 82, 83, 84 and 85 of the Complaint to the extent those allegations are intended to be directed

at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

47. With respect to paragraph 86 of the Complaint, Defendant OUMI incorporates its previous responses above.

48. Paragraph 87 of the Complaint contains allegations against Defendant University of Oklahoma only, which OUMI is not required to admit or deny.

49. OUMI denies the allegations in paragraphs 88, 89, 90 and 91 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

50. Defendant OUMI lacks information upon which to admit or deny the allegations in paragraphs 92, 93 and 94 of the Complaint and further states that at no time during her employment did Plaintiff raise those issues with OUMI and OUMI had no notice or knowledge of otherwise, and therefore denies same.

51. Defendant OUMI denies the allegations in paragraph 95 of the Complaint.

52. Defendant OUMI denies, as stated, the allegations in paragraph 96 of the Complaint.

53. Defendant OUMI lacks information upon which to admit or deny the allegations in paragraph 97 of the Complaint, which Plaintiff did not raise with OUMI during her employment, and which OUMI had no notice or knowledge of otherwise OUMI therefore denies same.

54.     Paragraph 98 of the Complaint contains allegations against Defendant University of Oklahoma only, and as such, are not required to be admitted or denied by OUMI.

55.     Defendant OUMI denies the allegations in paragraphs 99, 100 and 101 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

56.     Paragraph 102 of the Complaint contains a legal conclusion which Defendant OUMI is not required to admit or deny.

57.     Defendant OUMI denies the allegations in paragraphs 103, 104 and 105 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI.  OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

58.     With respect to paragraph 106 of the Complaint, Defendant OUMI incorporates its previous responses above.

59.     Paragraph 107 of the Complaint contains allegations against Defendant University of Oklahoma only, which OUMI is not required to admit or deny.

60.     Defendant OUMI denies the allegations in paragraphs 108, 109, 110, 111, 112, 113, 114, 115 and 115 (a-c) of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI.  OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

61. OUMI denies, as stated, the allegations in paragraph 116 of the Complaint.

62. Defendant OUMI denies the allegations in paragraphs 117, 118, 119, 120, 121 and 122 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

63. With respect to paragraph 123 of the Complaint, Defendant OUMI incorporates its previous responses above.

64. Defendant OUMI denies the allegations in paragraphs 124 and 125 of the Complaint.

65. Paragraph 126 of the Complaint contains allegations against Defendant University of Oklahoma only, which OUMI is not required to admit or deny.

66. Defendant OUMI denies the allegations in paragraphs 127, 128, 129, 130, and 131 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

67. Defendant OUMI lacks information upon which to admit or deny the allegations in paragraphs 132 and 133 of the Complaint regarding Plaintiff's alleged subjective beliefs and feelings.

68. Defendant OUMI denies the allegations in paragraphs 134, 135, 136 and 137 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

69. With respect to paragraph 138 of the Complaint, Defendant OUMI incorporates its previous responses above.

70. Defendant OUMI denies the allegations in paragraphs 139, 140 (a-d), 141, 142, 143, 144, 145, 146, 147, 148 and 149 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

71. The allegations contained in paragraphs 150 through 164 are against Defendant Tillman only, in his individual capacity and as such, are not required to be admitted or denied by Defendant OUMI. To the extent that a response is required, Defendant OUMI lacks any knowledge of such allegations, which were not raised by Plaintiff to OUMI during her employment, and which OUMI did not have knowledge or notice of otherwise, and as such, denies same.

72. The allegations contained in paragraphs 165 through 178 are against Defendant Tillman only, in his individual capacity and as such, are not required to be admitted or denied by Defendant OUMI. To the extent that a response is required, Defendant OUMI lacks any knowledge of such allegations, which were not raised by Plaintiff to OUMI during her employment, and which OUMI did not have knowledge or notice of otherwise, and as such, denies same.

73. The allegations contained in paragraphs 179 through 189 are against Defendant Tillman only, in his individual capacity and as such, are not required to be admitted or denied by Defendant OUMI. To the extent that a response is required,

Defendant OUMI lacks any knowledge of such allegations, which were not raised by Plaintiff to OUMI during her employment, and which OUMI did not have knowledge or notice of otherwise, and as such, denies same.

74. With respect to paragraph 190 of the Complaint, Defendant OUMI incorporates its previous responses above.

75. Paragraph 191 of the Complaint contains allegations against Defendant University of Oklahoma only, which OUMI is not required to admit or deny.

76. OUMI denies the allegations set forth in paragraph 192.

77. Defendant OUMI denies the allegations in paragraphs 193, 194, 195, 196, 197, 198, 199, 200, 201, 202 and 203 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

78. Paragraph 204 of the Complaint contains a legal conclusion which Defendant OUMI is not required to admit or deny.

79. Defendant OUMI denies the allegations in paragraphs 205, 206 and 207 of the Complaint.

80. With respect to paragraph 208 of the Complaint, Defendant OUMI incorporates its previous responses above.

81. Defendant OUMI denies the allegation in paragraph 209 of the Complaint.

82. OUMI lacks sufficient information to admit or deny the allegations in paragraph 210 of the Complaint and therefore denies same.

83. OUMI denies the allegations in paragraphs 211, 212, 213, 214, 215 and 216 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

84. With respect to paragraph 217 of the Complaint, Defendant OUMI incorporates its previous responses above.

85. Defendant OUMI denies the allegations in paragraphs 218 and 219 of the Complaint.

86. OUMI lacks sufficient information upon which to admit or deny the allegations in paragraphs 220, 221, 222 and 223 of the Complaint regarding Plaintiff's subjective feelings.

87. With respect to paragraph 224 of the Complaint, Defendant OUMI admits that after being advised as to a solution to complete her third unit of CPE and after being advised that Defendant Tiller's contracted had been terminated, Plaintiff voluntarily tendered her resignation.

88. Defendant OUMI denies the allegations in paragraphs 225, 226 and 227 of the Complaint to the extent those allegations are intended to be directed at Defendant OUMI. OUMI has no such knowledge, and is not required to admit or deny, any such allegations as against Defendant University of Oklahoma.

89. The allegations contained in paragraphs 228 through 238 are against Defendant Tillman only, in his individual capacity and as such, are not required to be admitted or denied by Defendant OUMI. To the extent that a response is required,

Defendant lacks sufficient information to admit or deny the allegations and therefore denies same.

90. The allegations contained in paragraphs 239 through 243 are against Defendant Tillman only, in his individual capacity and as such, are not required to be admitted or denied by Defendant OUMI. To the extent that a response is required, Defendant lacks sufficient information to admit or deny the allegations and therefore denies same.

91. Defendant OUMI denies the "WHEREFORE" clause of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

92. Plaintiff's Title IX claims against Defendant OUMI fail to state a claim upon which relief can be granted.

93. Appropriate officials at Defendant OUMI who had authority to address the alleged misconduct and institute corrective measures on behalf of OUMI lacked actual notice, knowledge, or knowledge otherwise legally sufficient, of the acts of sexual harassment and *quid pro quo* set forth in Plaintiff's Complaint.

94. Additionally, Plaintiff's Title IX claims fail because Defendant OUMI was not deliberately indifferent to the issues that were raised by Plaintiff concerning events that took place on and after January 11, 2021, and in fact, OUMI undertook reasonable investigation and implemented reasonable and effective remediation actions thereafter.

95. Defendant OUMI is not subject to liability under Title IX because it has effective policies in place for reporting and redressing sexual and other types of harassment pursuant to which it conducted a prompt and thorough investigation.

96. Plaintiff's Title IX claims also fail because the individual facts she reported were not so severe, pervasive, or objectively offensive as to deprive her of access to the educational opportunities or benefits provided by OUMI.

97. For the same reasons, Plaintiff's Title VI race discrimination claim against Defendant OUMI also fails to state a claim upon which relief can be granted.

98. Plaintiff makes vague reference to, but does not properly plead, any claim under 42 U.S.C. § 1981.

99. Plaintiff suffered no materially adverse employment action such as to form the basis of a retaliation claim under Title VII.

100. All actions taken toward Plaintiff were in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons.

101. To the extent Plaintiff declined to utilize all remediation efforts offered by OUMI, and to the extent such remediation efforts would have reduced any damages Plaintiff now seeks, OUMI is not liable for such damages.

102. Defendant has acted in good faith and has not engaged in any conduct sufficient to justify an award of punitive damages.

103. Defendant OUMI was not given notice of Plaintiff's EEOC charge and was unaware of such a filing until this Complaint was filed. To the extent the claims or requests

for relief in this case may be found to exceed the scope of the Charge of Discrimination submitted to the EEOC, they are barred by a failure to exhaust administrative remedies.

104. Defendant reserves the right to amend its Answer to state additional defenses, if facts are identified during discovery that would give rise to such defenses.

Respectfully submitted,

*s/Courtney K. Warmington*
Courtney K. Warmington, OBA #18486
Emma J. Payne, OBA #32849
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr, Suite 1000
Oklahoma City, OK 73102
Telephone: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com
ATTORNEYS FOR DEFENDANT OU MEDICINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all registered attorneys, and that service was accomplished as follows:

| | |
|---|---|
| Kwame T. Mumina, OBA #10415<br>Cynthia Rowe D'Antonio, OBA #19652<br>GREEN JOHNSON MUMINA & D'ANTONIO<br>4101 Perimeter Center<br>4101 Perimeter Center Drive, Suite 110<br>Oklahoma City, OK  73112<br>Telephone: (405) 702-7228<br>Fax: (405) 702-6898<br>kmumina@gjmlawyers.com<br>cynthia@gjmlawyers.com<br>ATTORNEYS FOR PLAINTIFF | M. Daniel Weitman<br>Office of Legal Counsel<br>University of Oklahoma<br>660 Parrington Oval, Evans Hall, Suite 213<br>Norman, OK  73019<br>Telephone: (405) 325-4124<br>Fax: (405) 325-7681<br>dan.weitman@ou.edu<br>ATTORNEY FOR STATE OF OKLAHOMA, *ex rel* THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA |
| Tom M. Cummings, OBA #2089<br>Tom Cummings Law Firm<br>701 NW 13th St.<br>Oklahoma City, OK  73103<br>Telephone: (405) 521-8900<br>Fax: (405) 604-9054<br>tomcummingslawfirm@gmail.com<br>ATTORNEY FOR DEFENDANT DARRYL J. TILLER | |

*s/Courtney K. Warmington*
Courtney K. Warmington