IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL MARIE DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BOARD OF REGENTS OF THE | ) |
| UNIVERSITY OF OKLAHOMA; | ) |
| UNIVERSITY HOSPITALS AUTHORITY, | ) |
| an agency of the State of Oklahoma, and | ) |
| RANDY DOWELL, in his official capacity | )  No. CIV-22-625-R |
| as the Chief Executive Officer of University | ) |
| Hospitals Authority; DARRYL J. TILLER, | ) |
| (in his individual and official capacities), | ) |
| Director of Clinical Pastoral Education, | ) |
| University of Oklahoma Medical Center; | ) |
| and OU MEDICINE, INC., an Oklahoma | ) |
| domestic not-for-profit corporation, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant OU Medicine, Inc. d/b/a OU Health's ("OUMI's") Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Doc. No. 36), Plaintiff Crystal Marie Daniels's Response (Doc. No. 46), and OUMI's Reply (Doc. No. 49). Upon consideration of the parties' filings, the Court GRANTS OUMI's Motion.

During her time as an intern and resident in a chaplaincy program offered by OUMI, Plaintiff claims that she was subjected to racial and sexual discrimination, emotional distress, harassment, retaliation, and constructively discharged.[1] (Doc. No. 24). At issue

---

[1] Plaintiff claims she was an "employee" and the University of Oklahoma and OU Medicine, Inc. are "employers." *See* 42 U.S.C. §§ 2000e(b), (f); (Doc. No. 24, at 5, ¶ 10).

here is whether Plaintiff's 42 U.S.C. § 1983 equal protection claim against OUMI for discrimination based on sex and race should be dismissed as a matter of law. Defendant asserts that the claim must be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff has not plausibly alleged that OUMI was acting under color of state law in administering the chaplaincy program in which Daniels was enrolled.[2] (Doc. No. 36, at 4-5).

When considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. In making its dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the claimant. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court, however, need not accept as true conclusory allegations. *Erikson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual

---

[2] OUMI also states that the chaplaincy program in which Plaintiff was enrolled is offered solely through OUMI with "no known affiliation to the University of Oklahoma." (Doc. No. 36, at 2). This is a factual issue, and the Court construes Plaintiff's factual allegations in the light most favorable to Plaintiff, to include her allegation that the two are affiliated.

averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Section 1983 does not create any substantive rights. Rather, § 1983 creates a right of action to enforce existing constitutional and federal statutory rights. *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002) (citations omitted). To "survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a person (4) who acted under color of [state law]." *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (citations and internal quotation marks and brackets omitted). Defendant OUMI limits its Motion to challenging the fourth element, asserting that as a private entity it is not subject to § 1983 liability.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). The only proper defendants in a § 1983 action are those who "represent [the State] in some capacity, whether they act in accordance with their authority or misuse it." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal quotation marks and citation omitted). The Supreme Court has applied various tests to determine whether state action has occurred. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (discussing four tests: (1) nexus; (2) symbiotic relationship; (3) joint action; and (4) public function). "At the heart of each test is 'whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Barnett v. Hall, Estill, Hardwick, Gable, Golden*

3

*& Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016) (internal quotation marks omitted)).

In her Amended Complaint, Plaintiff alleges that OUMI is affiliated with the University of Oklahoma (Doc. No. 24, at 5, ¶ 8), and that University Hospitals Authority ("UHA")—a state agency—"promulgates, implements, and possesses responsibility for policies of The University of Oklahoma and OUMI" (Doc. No. 24, at 42, ¶ 196). Even accepting these allegations as true for purposes of this Motion to Dismiss, the Court finds that these facts are insufficient to allege that Defendant OUMI acted under color of state law. Mere affiliation between a state entity and a private corporation does not establish *ipso facto* that the private corporation is a state actor for purposes of § 1983. *See Gallagher*, 49 F.3d at 1448 ("[T]he fact that a private entity contracts with the government or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action" (citations omitted)).

In her Response, Plaintiff alleges additional facts with supporting documentation suggesting that OUMI is in a "symbiotic relationship" with state entities; however, the Court may not consider new facts presented in Plaintiff's briefing in ruling on the sufficiency of her pleadings. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint).[3]

---

[3] In her Response, Plaintiff requests leave to amend should the Court conclude that Plaintiff has not sufficiently alleged facts to maintain her claim. (Doc. No. 46, at 21-22). The Court will consider a properly supported motion that complies with both the Federal Rules of

Accordingly, Defendant's Motion to Dismiss Plaintiff's Ninth Claim for Relief as it pertains to § 1983 (Doc. No. 36) is GRANTED.

**IT IS SO ORDERED** this 10th day of April 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

Civil Procedure and the Local Rules but will not grant permission for leave to amend in response to a motion.