IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL MARIE DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BOARD OF REGENTS OF THE | ) |
| UNIVERSITY OF OKLAHOMA; | ) |
| UNIVERSITY HOSPITALS AUTHORITY, | ) |
| an agency of the State of Oklahoma, and | ) |
| RANDY DOWELL, in his official capacity | )   No. CIV-22-625-R |
| as the Chief Executive Officer of University | ) |
| Hospitals Authority; DARRYL J. TILLER, | ) |
| (in his individual and official capacities), | ) |
| Director of Clinical Pastoral Education, | ) |
| University of Oklahoma Medical Center; | ) |
| and OU MEDICINE, INC., an Oklahoma | ) |
| domestic not-for-profit corporation, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant University Hospitals Authority ("UHA") and Randy Dowell's Motion to Dismiss and Brief in Support (Doc. No. 37), Plaintiff Crystal Marie Daniels's Response (Doc. No. 47), and Defendants' Reply (Doc. No. 48). Upon consideration of the parties' filings, the Court GRANTS Defendants' Motion.

During her time as a student in a chaplain residency program at OU Medicine, Inc., Plaintiff claims that she was subjected to racial and sexual discrimination, emotional distress, harassment, retaliation, and constructively discharged.[1] (Doc. No. 24). Plaintiff

---

[1] Plaintiff claims she was an "employee" and the University of Oklahoma and OU Medicine, Inc. are "employers." *See* 42 U.S.C. §§ 2000e(b), (f); (Doc. No. 24, at 5, ¶ 10).

alleges that Defendant UHA, a state agency, is liable to Plaintiff for: (1) deliberate indifference resulting in sexual harassment (strict liability, quid pro quo) in violation of Title IX (Doc. No. 24, at 20-24); (2) deliberate indifference resulting in sexual harassment and unwanted sexual contact in violation of Title IX (*Id.* at 24-27); (3) deliberate indifference resulting in sexual harassment (quid pro quo in violation of Title IX) (*Id.* at 27-30); (4) deliberate indifference resulting in a hostile environment in violation of Title IX (*Id.* at 30-33); (5) deliberate indifference resulting in sexual harassment in violation of Title IX (*Id.* at 33-35); (6) deliberate indifference resulting from a racially hostile educational environment in violation of Title VI (*Id.* at 35-38); and (7) discrimination based on sex, race, and retaliation in violation of 42 U.S.C. §§ 1981, 1983 (*Id.* at 42-43). Plaintiff does not expressly assert any claims against Defendant Randy Dowell; he is only mentioned once in a one-sentence statement regarding his role as Chief Executive Officer of UHA responsible for carrying out UHA policies. (Doc. No. 24, at 4, ¶ 4). UHA and Dowell move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint." *Id.* at 563. In making its dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the claimant. *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court, however, need not accept as true conclusory allegations. *Erikson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As part of each claim against Defendant UHA, Plaintiff generally alleges that UHA enters into cooperative agreements with the Board of Regents of the University of Oklahoma, and that as part of those agreements, "UHA promulgates, implements, and possesses responsibility for policies of The University of Oklahoma and OUMI such that UHA is subject to liability imposed upon The University of Oklahoma and OUMI for acts alleged in this Complaint." (Doc. No. 24, at 20-21, 24-25, 27, 30, 33, 36, 42, ¶¶ 76, 90, 111, 128, 144, 158, 196). This general statement constitutes the entirety of Plaintiff's factual allegations against Defendants UHA and Dowell. Plaintiff does not allege that UHA oversees employee-related matters of the University or OUMI, or that it has the authority to do so.[2] Moreover, Plaintiff does not allege facts indicating that Dowell, or any other UHA official, knew that Plaintiff was subjected to sexual harassment, racial discrimination,

---

[2] Pursuant to Okla. Stat. tit. 63, § 3203(E), "[t]he Board of Regents of the University of Oklahoma shall retain full power to govern the personnel, curriculum and facilities of the University of Oklahoma." Plaintiff acknowledges that OUMI is a non-profit corporation and does not allege that its employees are managed by UHA. (Doc. No. 24, at 5, ¶ 8).

or retaliation. Instead, Plaintiff makes a conclusory allegation that Defendants—presumably including UHA and Dowell—had years of prior knowledge of Defendant Darryl J. Tiller's "unlawful conduct and behavior." (Doc. No. 24, at 2-3). The Amended Complaint does not contain any other facts to support this statement as it pertains to Defendants UHA and Randy Dowell, and the Court may not consider new facts presented in Plaintiff's briefing in ruling on the sufficiency of her pleadings. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint).[3] Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.[4] Defendants' Motion (Doc. No. 37) is, therefore, GRANTED.

---

[3] In her Response, Plaintiff requests leave to amend should the Court conclude that Plaintiff has not sufficiently alleged facts to maintain her claim. (Doc. No. 47, at 24-25). The Court will consider a properly supported motion that complies with both the Federal Rules of Civil Procedure and the Local Rules but will not grant permission for leave to amend in response to a motion.

[4] In light of its conclusion, the Court need not address the merits of Plaintiff's § 1983 claim. However, the Court anticipates that Plaintiff will seek leave to amend to assert a § 1983 claim for prospective injunctive relief. In her Response, Plaintiff seeks unspecified injunctive relief and "mandatory training of employees within University's Clinical Pastoral Education program regarding human and civil rights, sex abuse and sexual aggression, and mandating an effective system of reporting sexual misconduct." (Doc. No. 47, at 20). Based on the facts currently alleged, it appears that Plaintiff's request for prospective injunctive relief under § 1983 would be futile: (1) Plaintiff is no longer enrolled in the chaplaincy program nor is she seeking reinstatement; and (2) Plaintiff acknowledges that Defendant Darryl J. Tiller "was finally terminated by the University of Oklahoma on or about May 5, 2022." (Doc. No. 24, at 19, ¶ 68). Accordingly, Plaintiff's § 1983 claim would be seeking relief from alleged past harms, not future harms. *See e.g., Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019) ("*Ex parte Young* may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." (internal quotation marks and citations omitted)).

**IT IS SO ORDERED** this 10th day of April 2023.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE