# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL MARIE DANIELS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. CIV-22-625-R |
| THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA; | ) |
| DARRYL J. TILLER, (in his individual and official capacities) Director of Clinical Pastoral Education, University of Oklahoma Medical Center; and | ) |
| OU MEDICINE, INC., an Oklahoma domestic not-for-profit corporation, d/b/a OU Health, | ) |
|     Defendants. | ) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

**DATE OF CONFERENCE**:      June 6, 2023 at 9:15 a.m.

**APPEARING FOR PLAINTIFF**:

> Kwame T. Mumina, Esquire
> Cynthia Rowe D'Antonio, Esquire
> Green Johnson Mumina & D'Antonio
> 4101 Perimeter Center Drive, Suite 110
> Oklahoma City, Oklahoma 73112
> Telephone: (405) 702-7228
> Facsimile: (405) 702-7280
> Email: kmumina@gjmlawyers.com
>        cynthia@gjmlawyers.com

**APPEARING FOR DEFENDANTS:**

M. Daniel Weitman, Esq.
Tina S. Ikpa, Esq.
University Of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Rm. 213
Norman, OK  73019
dan.weitman@ou.edu
tsikpa@ou.edu
**Attorneys For Board Of Regents of The University of Oklahoma**

Tom M. Cummings, Esq.
Tom Cummings Law Firm
701 N.W. 13th Street
Oklahoma City, Oklahoma 73103
tomcummingslawfirm@gmail.com
**Attorneys For Darryl J. Tiller**

Courtney K. Warmington, OBA #18486
Emma J. Payne, OBA #32849
FULLER TUBB BICKFORD WARMINGTON & PANACH, PLLC
201 Robert S. Kerr, Suite 1000 Oklahoma City, OK 73102
Telephone: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com
**Attorneys For OU Medicine, Inc. d/b/a OU Health**

**JURY TRIAL DEMANDED   X**      **NON-JURY TRIAL** _____

I.   **BRIEF PRELIMINARY STATEMENT.**  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

***Plaintiff's Brief Overview of The Facts***:

In the late summer of 2020, Plaintiff, Crystal Marie Daniels, an African-American female, began as a summer intern in a Chaplaincy program at the campus of The University of Oklahoma Medical Center in Oklahoma City,. The Chaplaincy internship program is a steppingstone into the regular Chaplain Residency Program, that is accredited by the Association For Clinical Pastoral Education ("ACPE") and the U.S. Department of Education. The Clinical Pastoral Education (CPE) program at the OU Medical Center is the educational arm of the Clinical Pastoral Services department. Plaintiff was later accepted into a Residence Chaplain Program. Defendant Darryl J. Tiller served as the Director of Clinical Pastoral Education, and was Plaintiff's immediate supervisor and educator. Following Plaintiff's acceptance in the program, Plaintiff alleges that she was continuously subjected to sexual harassment, race discrimination, retaliation, and a hostile work and educational environment by Defendant Darryl J. Tiller. Upon information and belief, Defendant Tiller had previously been involved in unwelcomed sexual advances with other students, had complaints of sexual harassment and bias, and had several complaints about his racial bigotry. Some of those incidents are documented in records in the possession of the various Defendants, and have been confirmed by current staff and former students. In response to Defendant Tiller's behavior, Plaintiff filed an internal complaint, but remained under the supervision of Defendant Tiller. Ultimately, Defendant Tiller was terminated. Additionally, following an investigation by a panel of the ACPE, Defendant

3

Tiller was found to have violated several professional ethical rules, and was also sanctioned.

Plaintiff brought various claims, and sought damages against Defendants, including violations of Title VI, VII, and IX and constitutional violations based on race, sex, and retaliation, pursuant to 42 U.S.C. §§1981, 1983; violations of the 14th Amendment by and through 42 U.S.C. §1983; and state law claims of Negligence and Intentional Infliction of Emotional Distress. Defendants dispute Plaintiff's allegations in her Complaint.

A. *Plaintiff's Remaining Claims.*[1]

Motions to Dismiss were lodged by certain of the Defendants and the Court entered its ruling regarding the affected claims. Subsequent to the Court's rulings, the following claims remain as to the following Defendants:

    i. The Board Of Regents of The University of Oklahoma.

On December 1, 2022, Defendant Board of Regents of the University of Oklahoma (the "University") filed a Motion for Partial Dismissal [Doc. No. 28] regarding Plaintiff's claims for violations of 42 U.S.C. § 1983 and 1981. Thereafter, on the concession of Plaintiff, the Court granted Defendant's motion as to Plaintiff's Ninth Claim For Relief [Doc. No. 43]. Therefore, the following claims remain in Plaintiff's First Amended Complaint, as against Defendant University:

---

[1] On December 13, 2022, Defendants University Hospitals and Randy Dowell filed its Motion to Dismiss [Doc. No. 37.] After premises considered, the Court granted the motions, dismissing all claims as against both Defendants, University Hospitals and Randy Dowell on April 10, 2023 [Doc. No. 51.]

- *First Claim*-Title IX, 20 U.S.C. §1681(Sexual Harass., Strict Liability, Quid Pro Quo)
- *Second Claim*-Title IX, 20 U.S.C. §1681(Sexual Harass. Unwanted Sex. Contact)
- *Third Claim*-Title IX, 20 U.S.C. §1681(Sexual Harass., Quid Pro Quo)
- *Fourth Claim*-Title IX, 20 U.S.C. §1681(Hostile Environment)
- *Fifth Claim*-Title IX, 20 USC §1681(Del. Indiff.//Sexual Harassment)
- *Sixth Claim*-Title VI, of the 1964 Civil Rights Act (Racially Hostile Environ. in Education)
- *Seventh Claim*-Title VII, of the 1964 Civil Rights Act (Retaliation in Employment)
- *Eighth*- Title VII, of the 1964 Civil Rights Act (Constructive Discharge in Employment)

ii.   Defendant Darryl J. Tiller (Individually and Officially)

All of Plaintiff's claims as against Defendant Darryl J. Tiller remain. They are as follows:

- *Tenth Claim*-14th Amendment through 42 USC §1983 (sexual harassment) (individual capacity)
- *Eleventh Claim*- 14th Amendment through 42 USC §1983 (sexual harassment-*Quid Pro Quo*) (individual capacity)
- *Twelfth Claim*- 14th Amendment through 42 USC §1983 (Hostile Environment) (individual capacity)
- *Thirteenth Claim*- Negligence (individual capacity)
- *Fourteenth Claim*- Intentional Infliction of Emotional Distress (IIED) (individual capacity)

iii.   OU Medicine, Inc. d/b/a OU Health

On December 9, 2022, Defendant OU Medicine, Inc. d/b/a O. Health, filed a Motion for Partial Dismissal [Doc. No. 36] with respect to Plaintiff's claims for violations of 42 U.S.C. § 1983 and 1981. On April 10, 2023, the Court granted the motion for partial dismissal, dismissing Plaintiff's Ninth Claim For Relief. [Doc. No. 50.] Therefore, the following claims remain Plaintiff's First Amended Complaint, as against Defendant OU

5

Medicine, Inc. d/b/a OU Health ("OUMI"):

- *First Claim*-Title IX, 20 U.S.C. §1681(Sexual Harass., Strict Liability, Quid Pro Quo)
- *Second Claim*-Title IX, 20 U.S.C. §1681(Sexual Harass. Unwanted Sex. Contact)
- *Third Claim*-Title IX, 20 U.S.C. §1681(Sexual Harass., Quid Pro Quo)
- *Fourth Claim*-Title IX, 20 U.S.C. §1681(Hostile Environment)
- *Fifth Claim*-Title IX, 20 USC §1681(Del. Indiff.//Sexual Harassment)
- *Sixth Claim*-Title VI, of the 1964 Civil Rights Act (Racially Hostile Environ. in Education)
- *Seventh Claim*-Title VII, of the 1964 Civil Rights Act (Retaliation in Employment)
- *Eighth*- Title VII, of the 1964 Civil Rights Act (Constructive Discharge in Employment)

**OU Medicine, Inc. d/b/a OU Health Statement of Facts**

Plaintiff participated in a summer internship program at OU Medicine Inc., d/b/a OU Health ("OUH") and was later employed through a Residency Chaplain Program, until her voluntary withdrawal and resignation in May of 2021. She now brings various causes of action against OUH and other Defendants alleging that she was harassed and discriminated against by one of her former instructors and constructively discharged from her resident employment. Plaintiff attempts to bring claims under Title IX (sex discrimination in education), Title VII (race and sex discrimination in employment and retaliation), Title VI (race discrimination in education), race discrimination under 42 U.S.C. § 1981 and various state law claims.

OUH adamantly denies all of Plaintiff's allegations contained in the First Amended Complaint. Plaintiff made one complaint in February of 2021 about one of her instructors, Defendant Darry Tiller ("Defendant Tiller"). After being made aware of such allegations, OUH undertook an investigation and implemented reasonable and effective remedial actions thereafter. OUH ultimately made the decision to end Defendant Darryl Tiller's employment contract.

After this decision had been made and the investigation concluded, OUH communicated that decision with Plaintiff, and also presented various accommodations to ensure that Plaintiff could finish her third quarter CPE curriculum (educational units). The type of accommodations offered to Plaintiff included an alternative instructor, and other accommodations to ensure Plaintiff's educational opportunities were not disrupted. Instead of taking advantage of these accommodations that would have allowed her to continue in the Residency Chaplain Program, she voluntarily chose to end her employment with OUH.

6

II. **JURISDICTION.** This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction)."

III. **STIPULATED FACTS.** List stipulations as to all facts that are not disputed, including jurisdictional facts.

    1. This Court has jurisdiction and venue is proper in this Court.
    2. Plaintiff is an African American female.

IV. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

    A. **Plaintiff:** Plaintiff's claims arise from the unlawful conduct of Defendant Daryll J. Tiller in his role as Clinical Pastoral Education Supervisor while she participated in the Residency Chaplain Program at the campus of the University of Oklahoma Health Science Center. During that period, Plaintiff was subjected to unwanted sexual contact and sexual harassment from Defendant Tiller; race and gender discrimination, to include wide-ranging and well known racial and gender based attacks by Defendant Tiller that were persistent throughout her tenure in the CPE program. After Defendant's Tiller's conduct became unrelenting, Plaintiff was forced to file a complaint against Defendant Tiller. After filing her complaint, Plaintiff was subjected to even greater sexual and racial abuse by Defendant Tiller with him ultimately using his leverage as her supervisor to force Plaintiff to deny her allegations. When efforts to convince Plaintiff to withdraw her allegations failed, she was denied her education in the program and eventually left the Pastoral program at OUMI altogether. The experience was traumatic for Plaintiff and left an indelible emotional scar that has required her to seek and maintain mental health treatment that presently continues. Defendant Tiller's unlawful behaviors and conduct had been well known for several years throughout the OU Medical Center complex. Yet, Defendants tolerated and abetted his unlawful behavior despite having received serious complaints from not just other students, but among faculty and staff alike. It was not until Plaintiff built up enough courage to file her complaint that Defendants decided to take action and eventually terminated Defendant Tiller after the fact. In other words, Defendants The Board of Regents of the University of Oklahoma and OUMI were complicit in the damages suffered by Plaintiff by failing to take action against Defendant Tiller when they knew of his dangerous behavior. After Defendant Tiller was terminated from his position, the professional ethics commission of the Association For Clinical Pastoral Education conducted their investigation and found serious ethical violations had occurred in connection with Plaintiff's complaints against Defendant Tiller. In an attempt to redress

the wrongs visited upon Plaintiff by the Defendants, Plaintiff seeks damages for deliberate indifference resulting in sexual harassment, unwanted sexual contact, hostile educational environment and racial harassment and discrimination under Title IX; violations of Title VII for unlawful retaliation; Fourteen Amendment violations of sexual harassment, common law negligence and intentional infliction of emotional distress.

      **B.**    **Defendant The Board Of Regents of The University of Oklahoma.:** The University denies Plaintiff's claims and causes of action. The University does not operate the Residency Chaplaincy Program and did not employ Defendant Tiller. The University had no knowledge of any of the alleged conduct by Defendant Tiller, nor was any conduct reported by Plaintiff to any of the University's employees. The Plaintiff's damages, if any, were the result of third parties over which the University had no control.

Plaintiff failed to avail herself of known and available complaint processes.

The University has no relationship with Plaintiff and has never had a relationship with Plaintiff. Plaintiff was aware that no such relationship existed, and therefore filed a frivolous lawsuit. Therefore, the University is entitled to attorney's fees.

Plaintiff has failed, in whole or in part, to state a claim against the University upon which relief may be granted, entitling the University to dismissal of this lawsuit and/or judgment as a matter of law.

As a constitutional body of the State of Oklahoma, the University is entitled to all immunities, protections, and limitations afforded by the Eleventh Amendment to the United States Constitution, the Oklahoma Governmental Tort Claims Act, and otherwise by virtue of its sovereignty.

The University asserts the following affirmative defenses: intervening cause and supervening cause.

The University reserves the right to add affirmative defenses as they become known during the course of discovery.

      **C.**    **Defendant OU Medicine, Inc. d/b/a OU Health:**

      1.    Defendant OUH was the only proper employer of Plaintiff in this particular matter and the only entity operating the Residency Chaplain Program. The Board of Regents of the University of Oklahoma should be dismissed. OUH will agree to enter into a stipulation to that effect.

2.      Plaintiff's Title IX claims against Defendant OUH fail to state a claim upon which relief can be granted.

3.      Appropriate officials at Defendant OUH who had authority to address the alleged misconduct and institute corrective measures on behalf of OUH lacked actual notice, knowledge, or knowledge otherwise legally sufficient, of the acts of sexual harassment and *quid pro quo* set forth in Plaintiff's Complaint.

4.      Additionally, Plaintiff's Title IX claims fail because Defendant OUH was not deliberately indifferent to the issues that were raised by Plaintiff concerning events that took place on and after January 11, 2021, and in fact, OUH undertook reasonable investigation and implemented reasonable and effective remediation actions thereafter.

5.      Defendant OUH is not subject to liability under Title IX because it has effective policies in place for reporting and redressing sexual and other types of harassment pursuant to which it conducted a prompt and thorough investigation.

6.      Plaintiff's Title IX claims also fail because the individual facts she reported were not so severe, pervasive, or objectively offensive as to deprive her of access to the educational opportunities or benefits provided by OUH.

7.      For the same reasons, Plaintiff's Title VI race discrimination claim against Defendant OUH also fails to state a claim upon which relief can be granted.

8.      Plaintiff makes vague reference to, but does not properly plead, any claim under 42 U.S.C. § 1981.

9.      Plaintiff suffered no materially adverse employment action such as to form the basis of a retaliation claim under Title VII.

10.     All actions taken toward Plaintiff were in good faith and for legitimate, non-discriminatory, and non-retaliatory business reasons.

11.     To the extent Plaintiff declined to utilize all remediation efforts offered by OUH, and to the extent such remediation efforts would have reduced any damages Plaintiff now seeks, OUH is not liable for such damages.

12.     Defendant has acted in good faith and has not engaged in any conduct sufficient to justify an award of punitive damages.

13. Defendant OUH was not given notice of Plaintiff's EEOC charge and was unaware of such a filing until this Complaint was filed. To the extent the claims or requests for relief in this case may be found to exceed the scope of the Charge of Discrimination submitted to the EEOC, they are barred by a failure to exhaust administrative remedies.

**D.     Defendant Darryl J. Tiller (Individually and Officially):** The Defendant Dr. Tiller was the Director of the Clinical Pastoral Education program from July, 2009 until the time that his contract with OUH was not renewed.

Dr. Tiller was not terminated. There have never been any allegations of sexual impropriety or racial bigotry or animus leveled against Dr. Tiller until the Plaintiff has done so in this lawsuit. At no time prior to Dr. Tiller's departure from the Pastoral Education program did anyone at OUH indicate that he had behaved in a sexually inappropriate way or that he had behaved in a racially insensitive way.

Dr. Tiller never sexually harassed the Plaintiff, he has never created a "hostile work environment" for the Plaintiff, he has never exhibited any racial animus towards the Plaintiff or anyone else.

Dr. Tiller was the Plaintiff's educator in the Clinical Pastoral Education program in late 2020 and in the first few months of 2021. In the first few days of January, 2021, Dr. Tiller met with the Plaintiff in his office as he met with all the other students in the program to discuss the ways in which the Plaintiff needed to improve. The Plaintiff told Dr. Tiller that she had suffered immense childhood trauma growing up from a variety of family sources and that as a result, she had post traumatic stress disorder (PTSD). Dr. Tiller believes she has a borderline personality. She said that she had a learning disability and read documents from the bottom to the top and described herself as "dyslexic." She said she quit school and had to take the GED seven or eight times before she could pass it. She said that Dr. Tiller's critique of her inability to explain or describe the "effect" of her visit, which she had repeatedly failed to do in the class exercises, "triggered" her PTSD, despite Dr. Tiller's praise for the areas where she succeeded. She told Dr. Tiller that her ex-husband used to shame her, belittle her and ask her the same questions over and over. Upon Dr. Tiller asking her, the Plaintiff stated that his asking her about her classwork caused her to bring up her ex-husband in her mind; the Plaintiff confirmed that it did.

Dr. Tiller never did anything to try to get the Plaintiff to dismiss her complaints against him. He never did anything to discriminate against the Plaintiff for any reason or to harass her racially or sexually. Dr. Tiller tried to help the Plaintiff to learn how to be a pastoral counselor and encouraged her to improve her performance in the program. Dr.

Tiller treated the Plaintiff fairly and required her to do the work necessary to complete the program. In his last one-on-one review session with the Plaintiff, she accused Dr. Tiller of being bad to her as well as the entire class. Dr. Tiller said she could not speak for the entire class and asked the Plaintiff whether she would be willing to talk to a third party about her complaints about him. The Plaintiff stated that she would be willing to do so, but she went to Human Resources instead. Dr. Tiller never attempted to dissuade the Plaintiff from continuing with her complaint to HR and suggested that in addition to her complaint to HR, she could also get counseling from an outside source.

The Plaintiff quit coming to the classes and subsequently filed this lawsuit.

Dr. Tiller has alleged as his affirmative defenses that the Plaintiff has failed to state a claim against him, that she is barred from proceeding against him by the Statute of Limitations, Laches, Estoppel and Dr. Tiller's Qualified Immunity.

**V.     APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE.**

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes     ■ No

**VI.    MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

**Plaintiff:** No.

**Defendants:** Defendant OUH anticipates filing a Motion for Summary Judgment and Motions in Limine, in accordance with the Court's Scheduling Order. Defendant Tiller anticipates filing a Motion for Summary Judgment. Defendant University anticipates filing a Motion for Summary Judgment.

**VII.   COMPLIANCE WITH RULE 26(a)(1).** Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes     ■ No

If "no," by what date will they be made? June 2, 2023.

**VIII.  PLAN FOR DISCOVERY.**

A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on May

11

      26, 2023.

B.    The parties anticipate that discovery should be completed within eight (8) months.

C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Six (6) months.</u>

D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(c)?

      ■ Yes     ☐ No

E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      ■ Yes     ☐ No

F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

IX. **ESTIMATED TRIAL TIME**: 3-4 days.

X. **BIFURCATION REQUESTED:**    ☐ Yes    ■ No

XI. **POSSIBILITY OF SETTLEMENT:**

   A.    **Plaintiff:**

      ☐ Good    ■ Fair    ☐ Poor

   B.    <u>**Defendant The Board Of Regents of The University of Oklahoma.:**</u>

      ☐ Good    ☐ Fair    ■ Poor

   C.    <u>**Defendant OU Medicine, Inc. d/b/a OU Health**</u>:

      ☐ Good    ■ Fair    ☐ Poor

D. **Defendant Darryl J. Tiller (Individually and Officially):**

☐ Good ☐ Fair ■ Poor

XII. **SETTLEMENT AND ADR PROCEDURES:**

A. Compliance with LCvR 16.1(a)(1) - ADR discussion: X Yes   No

B. The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☐ Other _____
■ None - the parties do not request ADR at this time. The parties will utilize private mediation, if necessary.

XIII. Parties consent to trial by Magistrate Judge? ☐ Yes   ■ No

XIV. Type of Scheduling Order Requested. ■ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Respectfully submitted this 30th day of May, 2023.

/s/Cynthia Rowe D'Antonio
Kwame T. Mumina, OBA #10415
Cynthia Rowe D'Antonio, OBA #19652
Green Johnson Mumina & D'Antonio
4101 Perimeter Center Drive, Suite 110
Oklahoma City, OK 73112
Telephone: (405) 702-7228
Facsimile: (405) 702-7280
Emails: cynthia@gjmlawyers.com
           kmumina@gjmlawyers.com
**Attorneys for Plaintiff**
**Crystal Marie Daniels**

/s/Tina S. Ikpa
M. Daniel Weitman, Esq.
Tina S. Ikpa, Esq.

13

University Of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Rm. 213
Norman, OK  73019
dan.weitman@ou.edu
tsikpa@ou.edu
**Attorneys for Board Of Regents
of The University of Oklahoma**

/s/Tom M. Cummings
Tom M. Cummings, Esq.
Tom Cummings Law Firm
701 N.W. 13th Street
Oklahoma City, Oklahoma 73103
tomcummingslawfirm@gmail.com
**Attorneys for Darryl J. Tiller**

/s/Courtney K. Warmington
Courtney K. Warmington, OBA #18486
Emma J. Payne, OBA #32849
FULLER TUBB BICKFORD WARMINGTON
& PANACH, PLLC
201 Robert S. Kerr, Suite 1000 Oklahoma City,
OK 73102
Telephone: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com
**Attorneys for OU Medicine, Inc. d/b/a OU Health**