AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

| | |
|---|---|
| Crystal Marie Daniels | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. CIV-22-625-R |
| Board of Regents of the University of Oklahoma, et al | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      ACPE, One West Court Square, Suite 325, Decatur, Georgia, 30030

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached "Exhibit 1"

| Place: Fuller Tubb Bickford Warmington & Panach | Date and Time: |
|---|---|
| 201 Robert S. Kerr Avenue, Suite 1000 | |
| Oklahoma City, OK 73102 | 08/25/2023 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/11/2023

   *CLERK OF COURT*
              OR

_____  _____
  *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Courtney Warmington (cwarmington@fullertubb.com); 405-235-2575____ , who issues or requests this subpoena, are:

Fuller Tubb Bickford Warmington & Panach, PLLC, 101 Robert S. Kerr Avenue, Suite 1000, OKC, OK 73102

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**
**1**

_____

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CIV-22-625-R

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT 1**

This Subpoena is being issued on behalf of OU Health. Documents should be produced to counsel for all parties at the locations detailed below.

The contact information for the attorney representing Plaintiff Crystal Marie Daniels is as follows:

> Kwame T. Mumina
> Cynthia Rowe D'Antonio
> GREEN JOHNSON MUMINA & D'ANTONIO
> 4101 Perimeter Center Drive, Suite 110
> Oklahoma City, OK  73112
> kmumina@gjmlawyers.com
> cynthia@gjmlawyers.com

The contact information for the attorneys representing Defendant The Board of Regents of the University of Oklahoma:

> M. Daniel Weitman
> Tina S. Ikpa
> Office of Legal Counsel
> University of Oklahoma
> 660 Parrington Oval, Evans Hall, Suite 213
> Norman, OK  73019
> Telephone: (405) 325-4124
> Fax: (405) 325-7681
> dan.weitman@ou.edu
> tsikpa@ou.edu

The contact information for the attorney representing Defendant Darryl J. Tiller:

> Tom M. Cummings, OBA #2089
> Tom Cummings Law Firm
> 701 NW 13th St.
> Oklahoma City, OK  73103
> Telephone: (405) 521-8900
> Fax: (405) 604-9054
> tomcummingslawfirm@gmail.com

The contact information for the attorneys representing OU Medicine, Inc., d/b/a OU Health:

Courtney K. Warmington
Emma J. Payne
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4216
Tel: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com

## DEFINITIONS

As used in the request for items to be produced below, the following definitions apply whether or not the terms are capitalized.

1.     "Document" refers to any form of data memorialization or compilation whether produced, reproduced, or stored on paper or electronically.   A "document" includes, but is not limited to, writings, drawings, graphs, charts, diagrams, reproductions, models, photographs, video and audio tapes and/or recordings, records, computer files, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a document.

2.     "Communication" refers to any means of relaying information and shall include, but not be limited to, letter, memorandum, email, text message, instant message, social media communications, and facsimile.

3.     "You," "Yourself," or "Your" shall mean Association for Clinical Pastoral Education and/or Association of Professional Chaplains, together with any and all of its affiliates and subsidiaries as well as each such entity's respective owners, agents,

employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

4.      "Ms. Daniels" shall refer to Crystal Marie Daniels, Plaintiff in the above-cited case, together with any and all of her agents or other persons acting or purporting to act on her behalf.

5.      "OU Health" shall refer to OU Medicine Inc., d/b/a OU Health, together with any and all of its owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

## **DOCUMENTS TO BE PRODUCED**

1.      All Association for Clinical Pastoral Education ("ACPE") and Association of Professional Chaplains ("APC") records for Crystal Marie Daniels, date of birth XX-XX-1967, Social Security Number XXX-XX-0756, including the following:

> a.      All Documents and Communications relating to Ms. Daniels' application for and records pertaining to Ms. Daniels' membership in ACPE/APC.

> b.      All Documents and Communications relating to Ms. Daniels' complaint filed against Dr. Darryl Tiller.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Oklahoma

| | | |
|---|---|---|
| Crystal Marie Daniels | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CIV-22-625-R |
| Board of Regents of the University of Oklahoma,et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Baylor Scott & White Hospital, 301 North Washington Avenue, Dallas, Texas, 75246

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached "Exhibit 1"

| Place: Fuller Tubb Bickford Warmington & Panach<br>201 Robert S. Kerr Avenue, Suite 1000<br>Oklahoma City, OK 73102 | Date and Time:<br><br>08/25/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        08/11/2023

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Courtney Warmington (cwarmington@fullertubb.com); 405-235-2575_____ , who issues or requests this subpoena, are:
Fuller Tubb Bickford Warmington & Panach, PLLC, 101 Robert S. Kerr Avenue, Suite 1000, OKC, OK 73102

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CIV-22-625-R

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                              .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT 1**

This Subpoena is being issued on behalf of OU Health. Documents should be produced to counsel for all parties at the locations detailed below.

The contact information for the attorney representing Plaintiff Crystal Marie Daniels is as follows:

> Kwame T. Mumina
> Cynthia Rowe D'Antonio
> GREEN JOHNSON MUMINA & D'ANTONIO
> 4101 Perimeter Center Drive, Suite 110
> Oklahoma City, OK  73112
> kmumina@gjmlawyers.com
> cynthia@gjmlawyers.com

The contact information for the attorneys representing Defendant The Board of Regents of the University of Oklahoma:

> M. Daniel Weitman
> Tina S. Ikpa
> Office of Legal Counsel
> University of Oklahoma
> 660 Parrington Oval, Evans Hall, Suite 213
> Norman, OK  73019
> Telephone: (405) 325-4124
> Fax: (405) 325-7681
> dan.weitman@ou.edu
> tsikpa@ou.edu

The contact information for the attorney representing Defendant Darryl J. Tiller:

> Tom M. Cummings, OBA #2089
> Tom Cummings Law Firm
> 701 NW 13th St.
> Oklahoma City, OK  73103
> Telephone: (405) 521-8900
> Fax: (405) 604-9054
> tomcummingslawfirm@gmail.com

The contact information for the attorneys representing OU Medicine, Inc., d/b/a OU Health:

Courtney K. Warmington
Emma J. Payne
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4216
Tel: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com

## DEFINITIONS

As used in the request for items to be produced below, the following definitions apply whether or not the terms are capitalized.

1.     "Document" refers to any form of data memorialization or compilation whether produced, reproduced, or stored on paper or electronically.  A "document" includes, but is not limited to, writings, drawings, graphs, charts, diagrams, reproductions, models, photographs, video and audio tapes and/or recordings, records, computer files, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a document.

2.     "Communication" refers to any means of relaying information and shall include, but not be limited to, letter, memorandum, email, text message, instant message, social media communications, and facsimile.

3.     "You," "Yourself," or "Your" shall mean Baylor Scott & White Hospital, together with any and all of its affiliates and subsidiaries as well as each such entity's respective owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

4.      "Ms. Daniels" shall refer to Crystal Marie Daniels, Plaintiff in the above-cited case, together with any and all of her agents or other persons acting or purporting to act on her behalf.

5.      "OU Health" shall refer to OU Medicine Inc., d/b/a OU Health, together with any and all of its owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

## DOCUMENTS TO BE PRODUCED

1.      Employment records for Crystal Marie Daniels, date of birth XX-XX-1967, Social Security Number XXX-XX-0756, including the following:

     a.      All Documents and Communications relating to Ms. Daniels' work history, including but not limited to any résumé, cover letter, and/or application for employment.

     b.      All Documents and Communications, including, but not limited to, performance appraisals, disciplinary records, verbal warnings, written warnings, suspension notices, and termination forms that you would traditionally maintain in a personnel file or its equivalent for Ms. Daniels.

     c.      All Documents reflecting Ms. Daniels' salary, pay, and benefit information while employed by Baylor Scott & White Hospital.

     d.      All Documents describing Ms. Daniels' job duties in any position she was offered or has held for Baylor Scott & White Hospital.

     e.      All Documents provided to you by Ms. Daniels that in any way reference her previous employment with OU Health or any companies affiliated with OU Health.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

| | | |
|---|---|---|
| Crystal Marie Daniels | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CIV-22-625-R |
| Board of Regents of the University of Oklahoma,et al | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Methodist Dallas Medical Center, 3500 W. Wheatland Road, Dallas, Texas, 75237

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached "Exhibit 1"

| Place: Fuller Tubb Bickford Warmington & Panach<br>201 Robert S. Kerr Avenue, Suite 1000<br>Oklahoma City, OK 73102 | Date and Time:<br><br>08/25/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/11/2023

| | | |
|---|---|---|
| | *CLERK OF COURT* | OR |
| | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Courtney Warmington (cwarmington@fullertubb.com); 405-235-2575       , who issues or requests this subpoena, are:

Fuller Tubb Bickford Warmington & Panach, PLLC, 101 Robert S. Kerr Avenue, Suite 1000, OKC, OK 73102

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIV-22-625-R

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

This Subpoena is being issued on behalf of OU Health. Documents should be produced to counsel for all parties at the locations detailed below.

The contact information for the attorney representing Plaintiff Crystal Marie Daniels is as follows:

    Kwame T. Mumina
    Cynthia Rowe D'Antonio
    GREEN JOHNSON MUMINA & D'ANTONIO
    4101 Perimeter Center Drive, Suite 110
    Oklahoma City, OK  73112
    kmumina@gjmlawyers.com
    cynthia@gjmlawyers.com

The contact information for the attorneys representing Defendant The Board of Regents of the University of Oklahoma:

    M. Daniel Weitman
    Tina S. Ikpa
    Office of Legal Counsel
    University of Oklahoma
    660 Parrington Oval, Evans Hall, Suite 213
    Norman, OK  73019
    Telephone: (405) 325-4124
    Fax: (405) 325-7681
    dan.weitman@ou.edu
    tsikpa@ou.edu

The contact information for the attorney representing Defendant Darryl J. Tiller:

    Tom M. Cummings, OBA #2089
    Tom Cummings Law Firm
    701 NW 13th St.
    Oklahoma City, OK  73103
    Telephone: (405) 521-8900
    Fax: (405) 604-9054
    tomcummingslawfirm@gmail.com

The contact information for the attorneys representing OU Medicine, Inc., d/b/a OU Health:

Courtney K. Warmington
Emma J. Payne
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4216
Tel: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com

## DEFINITIONS

As used in the request for items to be produced below, the following definitions apply whether or not the terms are capitalized.

1.    "Document" refers to any form of data memorialization or compilation whether produced, reproduced, or stored on paper or electronically. A "document" includes, but is not limited to, writings, drawings, graphs, charts, diagrams, reproductions, models, photographs, video and audio tapes and/or recordings, records, computer files, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a document.

2.    "Communication" refers to any means of relaying information and shall include, but not be limited to, letter, memorandum, email, text message, instant message, social media communications, and facsimile.

3.    "You," "Yourself," or "Your" shall mean Methodist Dallas Medical Center, together with any and all of its affiliates and subsidiaries as well as each such entity's respective owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

4.      "Ms. Daniels" shall refer to Crystal Marie Daniels, Plaintiff in the above-cited case, together with any and all of her agents or other persons acting or purporting to act on her behalf.

5.      "OU Health" shall refer to OU Medicine Inc., d/b/a OU Health, together with any and all of its owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

## DOCUMENTS TO BE PRODUCED

1.      Methodist Dallas Medical Center CPE Residency Program records for Crystal Marie Daniels, date of birth XX-XX-1967, Social Security Number XXX-XX-0756, including the following:

   a.      All Documents and Communications relating to Ms. Daniels' application for and acceptance to the CPE Residency program offered by Methodist Dallas Medical Center.

2.      Employment records for Crystal Marie Daniels, date of birth XX-XX-1967, Social Security Number XXX-XX-0756, including the following:

   a.      All Documents and Communications relating to Ms. Daniels' work history, including but not limited to any résumé, cover letter, and/or application for employment.

   b.      All Documents and Communications, including, but not limited to, performance appraisals, disciplinary records, verbal warnings, written warnings, suspension notices, and termination forms that you would traditionally maintain in a personnel file or its equivalent for Ms. Daniels.

   c.      All Documents reflecting Ms. Daniels' salary, pay, and benefit information while employed by Methodist Dallas Medical Center.

   d.      All Documents describing Ms. Daniels' job duties in any position she was offered and has held for Methodist Dallas Medical Center.

e.      All Documents provided to you by Ms. Daniels that in any way reference her previous employment with OU Health or any companies affiliated with OU Health.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

| | | |
|---|---|---|
| Crystal Marie Daniels | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CIV-22-625-R |
| Board of Regents of the University of Oklahoma,et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Texas Health Resources, 612 East Lamar Blvd., Arlington, Texas, 76011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached "Exhibit 1"

| Place: Fuller Tubb Bickford Warmington & Panach<br>201 Robert S. Kerr Avenue, Suite 1000<br>Oklahoma City, OK 73102 | Date and Time:<br><br>08/25/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/11/2023

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Courtney Warmington (cwarmington@fullertubb.com); 405-235-2575       , who issues or requests this subpoena, are:
Fuller Tubb Bickford Warmington & Panach, PLLC, 101 Robert S. Kerr Avenue, Suite 1000, OKC, OK 73102

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CIV-22-625-R

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

This Subpoena is being issued on behalf of OU Health. Documents should be produced to counsel for all parties at the locations detailed below.

The contact information for the attorney representing Plaintiff Crystal Marie Daniels is as follows:

> Kwame T. Mumina
> Cynthia Rowe D'Antonio
> GREEN JOHNSON MUMINA & D'ANTONIO
> 4101 Perimeter Center Drive, Suite 110
> Oklahoma City, OK  73112
> kmumina@gjmlawyers.com
> cynthia@gjmlawyers.com

The contact information for the attorneys representing Defendant The Board of Regents of the University of Oklahoma:

> M. Daniel Weitman
> Tina S. Ikpa
> Office of Legal Counsel
> University of Oklahoma
> 660 Parrington Oval, Evans Hall, Suite 213
> Norman, OK  73019
> Telephone: (405) 325-4124
> Fax: (405) 325-7681
> dan.weitman@ou.edu
> tsikpa@ou.edu

The contact information for the attorney representing Defendant Darryl J. Tiller:

> Tom M. Cummings, OBA #2089
> Tom Cummings Law Firm
> 701 NW 13th St.
> Oklahoma City, OK  73103
> Telephone: (405) 521-8900
> Fax: (405) 604-9054
> tomcummingslawfirm@gmail.com

The contact information for the attorneys representing OU Medicine, Inc., d/b/a OU Health:

Courtney K. Warmington
Emma J. Payne
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4216
Tel: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com

## DEFINITIONS

As used in the request for items to be produced below, the following definitions apply whether or not the terms are capitalized.

1.     "Document" refers to any form of data memorialization or compilation whether produced, reproduced, or stored on paper or electronically.  A "document" includes, but is not limited to, writings, drawings, graphs, charts, diagrams, reproductions, models, photographs, video and audio tapes and/or recordings, records, computer files, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a document.

2.     "Communication" refers to any means of relaying information and shall include, but not be limited to, letter, memorandum, email, text message, instant message, social media communications, and facsimile.

3.     "You," "Yourself," or "Your" shall mean Texas Health Resources, together with any and all of its affiliates and subsidiaries as well as each such entity's respective owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

4.      "Ms. Daniels" shall refer to Crystal Daniels, Plaintiff in the above-cited case, together with any and all of her agents or other persons acting or purporting to act on her behalf.

5.      "OU Health" shall refer to OU Medicine Inc., d/b/a OU Health, together with any and all of its owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

## DOCUMENTS TO BE PRODUCED

1.      Employment records for Crystal Marie Daniels, date of birth XX-XX-1967, Social Security Number XXX-XX-0756, including the following:

    a.      All Documents and Communications relating to Ms. Daniels' work history, including but not limited to any résumé, cover letter, and/or application for employment.

    b.      All Documents and Communications, including, but not limited to, performance appraisals, disciplinary records, verbal warnings, written warnings, suspension notices, and termination forms that you would traditionally maintain in a personnel file or its equivalent for Ms. Daniels.

    c.      All Documents reflecting Ms. Daniels' salary, pay, and benefit information while employed by Texas Health Resources.

    d.      All Documents describing Ms. Daniels' job duties in any position she was offered or has held for Texas Health Resources.

    e.      All Documents provided to you by Ms. Daniels that in any way reference her previous employment with OU Health or any companies affiliated with OU Health.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| Crystal Marie Daniels | ) |
| *Plaintiff* | ) |
| v. | ) |
| Board of Regents of the University of Oklahoma, et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   CIV-22-625-R

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Timothy O'Gwynn, 1029 NE 6th Street, Apt 830, Oklahoma City, Oklahoma, 73117

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached "Exhibit 1"

| Place: Fuller Tubb Bickford Warmington & Panach<br>201 Robert S. Kerr Avenue, Suite 1000<br>Oklahoma City, OK 73102 | Date and Time:<br><br>08/25/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/11/2023

|  |  |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 Courtney Warmington (cwarmington@fullertubb.com); 405-235-2575         , who issues or requests this subpoena, are:
 Fuller Tubb Bickford Warmington & Panach, PLLC, 101 Robert S. Kerr Avenue, Suite 1000, OKC, OK 73102

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIV-22-625-R

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

This Subpoena is being issued on behalf of OU Health. Documents should be produced to counsel for all parties at the locations detailed below.

The contact information for the attorney representing Plaintiff Crystal Marie Daniels is as follows:

>Kwame T. Mumina
>Cynthia Rowe D'Antonio
>GREEN JOHNSON MUMINA & D'ANTONIO
>4101 Perimeter Center Drive, Suite 110
>Oklahoma City, OK  73112
>kmumina@gjmlawyers.com
>cynthia@gjmlawyers.com

The contact information for the attorneys representing Defendant The Board of Regents of the University of Oklahoma:

>M. Daniel Weitman
>Tina S. Ikpa
>Office of Legal Counsel
>University of Oklahoma
>660 Parrington Oval, Evans Hall, Suite 213
>Norman, OK  73019
>Telephone: (405) 325-4124
>Fax: (405) 325-7681
>dan.weitman@ou.edu
>tsikpa@ou.edu

The contact information for the attorney representing Defendant Darryl J. Tiller:

>Tom M. Cummings, OBA #2089
>Tom Cummings Law Firm
>701 NW 13th St.
>Oklahoma City, OK  73103
>Telephone: (405) 521-8900
>Fax: (405) 604-9054
>tomcummingslawfirm@gmail.com

The contact information for the attorneys representing OU Medicine, Inc., d/b/a OU Health:

Courtney K. Warmington
Emma J. Payne
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4216
Tel: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com

## DEFINITIONS

As used in the request for items to be produced below, the following definitions apply whether or not the terms are capitalized.

1.     "Document" refers to any form of data memorialization or compilation whether produced, reproduced, or stored on paper or electronically.   A "document" includes, but is not limited to, writings, drawings, graphs, charts, diagrams, reproductions, models, photographs, video and audio tapes and/or recordings, records, computer files, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a document.

2.     "Communication" refers to any means of relaying information and shall include, but not be limited to, letter, memorandum, email, text message, instant message, social media communications, and facsimile.

3.     "You," "Yourself," or "Your" shall mean Timothy O'Gwynn, and other persons acting or purporting to act for or on behalf of any of Timothy O'Gwynn.

4.      "Ms. Daniels" shall refer to Crystal Daniels, Plaintiff in the above-cited case, together with any and all of her agents or other persons acting or purporting to act on her behalf.

5.      "OU Health" shall refer to OU Medicine Inc., d/b/a OU Health, together with any and all of its owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

## DOCUMENTS TO BE PRODUCED

1.      All communications, including any emails and text messages to and from Plaintiff Crystal Marie Daniels from January of 2021 until present.

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

| | | |
|---|---|---|
| Crystal Marie Daniels | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CIV-22-625-R |
| Board of Regents of the University of Oklahoma,et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Tonya Forman, 315 E. Carl Hubbell Blvd., Meeker, Oklahoma, 74855

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached "Exhibit 1"

| Place: Fuller Tubb Bickford Warmington & Panach<br>201 Robert S. Kerr Avenue, Suite 1000<br>Oklahoma City, OK 73102 | Date and Time:<br><br>08/25/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/11/2023

                    *CLERK OF COURT*
                                                OR

        _____              _____
        *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Courtney Warmington (cwarmington@fullertubb.com); 405-235-2575_____ , who issues or requests this subpoena, are:

Fuller Tubb Bickford Warmington & Panach, PLLC, 101 Robert S. Kerr Avenue, Suite 1000, OKC, OK 73102

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIV-22-625-R

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

❑ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

❑ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

This Subpoena is being issued on behalf of OU Health. Documents should be produced to counsel for all parties at the locations detailed below.

The contact information for the attorney representing Plaintiff Crystal Marie Daniels is as follows:

> Kwame T. Mumina
> Cynthia Rowe D'Antonio
> GREEN JOHNSON MUMINA & D'ANTONIO
> 4101 Perimeter Center Drive, Suite 110
> Oklahoma City, OK  73112
> kmumina@gjmlawyers.com
> cynthia@gjmlawyers.com

The contact information for the attorneys representing Defendant The Board of Regents of the University of Oklahoma:

> M. Daniel Weitman
> Tina S. Ikpa
> Office of Legal Counsel
> University of Oklahoma
> 660 Parrington Oval, Evans Hall, Suite 213
> Norman, OK  73019
> Telephone: (405) 325-4124
> Fax: (405) 325-7681
> dan.weitman@ou.edu
> tsikpa@ou.edu

The contact information for the attorney representing Defendant Darryl J. Tiller:

> Tom M. Cummings, OBA #2089
> Tom Cummings Law Firm
> 701 NW 13th St.
> Oklahoma City, OK  73103
> Telephone: (405) 521-8900
> Fax: (405) 604-9054
> tomcummingslawfirm@gmail.com

The contact information for the attorneys representing OU Medicine, Inc., d/b/a OU Health:

Courtney K. Warmington
Emma J. Payne
FULLER TUBB BICKFORD
WARMINGTON & PANACH, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102-4216
Tel: (405) 235-2575
Fax: (405) 232-8384
cwarmington@fullertubb.com
emma.payne@fullertubb.com

## **DEFINITIONS**

As used in the request for items to be produced below, the following definitions apply whether or not the terms are capitalized.

1.    "Document" refers to any form of data memorialization or compilation whether produced, reproduced, or stored on paper or electronically.   A "document" includes, but is not limited to, writings, drawings, graphs, charts, diagrams, reproductions, models, photographs, video and audio tapes and/or recordings, records, computer files, spreadsheets, and shall also include, but not be limited to, any draft or copy (with or without notes of changes thereon) of a document.

2.    "Communication" refers to any means of relaying information and shall include, but not be limited to, letter, memorandum, email, text message, instant message, social media communications, and facsimile.

3.    "You," "Yourself," or "Your" shall mean Tonya Forman and other persons acting or purporting to act for or on behalf of Tonya Forman.

4.      "Ms. Daniels" shall refer to Crystal Daniels, Plaintiff in the above-cited case, together with any and all of her agents or other persons acting or purporting to act on her behalf.

5.      "OU Health" shall refer to OU Medicine Inc., d/b/a OU Health, together with any and all of its owners, agents, employees, officers, and directors, and other persons acting or purporting to act for or on behalf of any of them.

## DOCUMENTS TO BE PRODUCED

1.      All communications, including any emails and text messages to and from Plaintiff Crystal Marie Daniels from January of 2021 until present.